UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COREY CRANDELL aka DENNIS SHARMA,<br><br>      Plaintiff,<br><br>    -against-<br><br>DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISON; CITY OF NEW YORK; RIKERS ISLAND OBCC; UNKNOWN GANG MEMBERS,<br><br>      Defendants. | 1:19-CV-9624 (CM)<br><br>ORDER TO AMEND |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, who is currently held in the George R. Vierno Center on Rikers Island, brings this *pro se* action asserting that the defendants have violated his federal constitutional rights. He sues the New York State Department of Corrections and Community Supervision ("DOCCS"), the City of New York, "Rikers Island OBCC," and "unknown gang members." The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, as well as claims under state law. Plaintiff seeks damages.

  By order dated December 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

---

[1] Plaintiff filed his complaint while he was held in the Anna M. Kross Center on Rikers Island. Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

Plaintiff alleges the following facts: In September 2019, while Plaintiff was held in the Otis Bantum Correctional Center ("OBCC") on Rikers Island, he was assaulted by gang members in his housing unit. He was not supposed to be housed with those gang members because his "classification wasn't high enough." (ECF 2, p. 4.) Correction officers removed Plaintiff from that unit, but later returned him. There were instances during that month where the gang members who assaulted him, as well as Correction Officers, denied him food and water.

While Plaintiff was sleeping in a bus taking him to a court appearance, and was handcuffed and shackled, another prisoner kicked him in the face. "The officers all kn[e]w of [Plaintiff's] problems with these individuals; they were notified by [Plaintiff] that [he] had problems with an inmate who was well known and influential through the jail system in NYC." (*Id.*)

Plaintiff also alleges that correction personnel confiscated his personal property and have not returned it.

## DISCUSSION

### A. DOCCS

The Court construes Plaintiff's claims against DOCCS as brought under 42 U.S.C. § 1983. But these claims are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal

3

quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Moreover, DOCCS is an arm of the State of New York, and therefore, enjoys Eleventh Amendment Immunity. *See Morgan v. DOCCS*, No. 19-CV-4121, 2019 WL 5552349, at *2 (S.D.N.Y. Oct. 28, 2019) ("DOCCS, as an arm of the state, stands in the same position as the State of New York.") (internal quotation marks and citations omitted).

Plaintiff sues DOCCS, a New York State agency. The Court therefore dismisses Plaintiff's § 1983 claims against DOCCS under the doctrine of Eleventh Amendment immunity and because those claims are frivolous.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

---

[2] *See also Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of § 1983 liability); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability).

### B. "Rikers Island OBCC"

The Court construes Plaintiff's claims against "Rikers Island OBCC" as also brought under § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). The OBCC, which is a jail, is not a "person" for the purpose of § 1983. *See Reynolds v. Darrah*, No. 11-CV-5885 (JGK), 2011 WL 4582430, at *1 (S.D.N.Y. Sept. 30, 2011). The Court therefore dismisses Plaintiff's § 1983 claims against "Rikers Island OBCC" for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### C. City of New York

When a plaintiff sues a municipality under § 1983, such as the City of New York, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff has alleged no facts showing that a policy, custom, or practice of the City of New York caused a violation of his federally protected rights. The Court grants Plaintiff leave to file an amended complaint in which he alleges facts that state a plausible § 1983 claim against the City of New York; he must allege facts that suggest that a policy, custom, or practice of the City of New York caused a violation of his federally protected rights.

**D.     Personal involvement of individuals**

To state a claim under § 1983, a plaintiff must allege facts showing an individual's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[3]

---

[3] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

6

Plaintiff has not named any individuals as defendants. The Court therefore grants Plaintiff leave to amend his complaint to assert § 1983 claims against individuals who were personally involved in the violations of his federally protected rights. He must name those individuals as defendants and allege facts showing how those individuals were personally involved in the violations of his federally protected rights.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name among the defendant(s) in the amended complaint's caption[4] and in its statement of claim those individuals who were allegedly involved in the deprivation of his rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2018, in the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants.

To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated his rights; *what* facts show that his rights were violated; *when* such violations occurred; *where* such violations occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. Plaintiff must not reassert claims in his amended complaint that the Court has dismissed in this order.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision, *see* 28 U.S.C. § 1915(e)(2)(B)(i), (iii), and "Rikers Island OBCC," *see* § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-9624 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's federal-law claims as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from a defendant that is immune from that relief, *see* § 1915(e)(2)(B)(i), (ii), (iii), and the Court will decline to consider Plaintiff's state-law claims, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 13, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge